Daniel R. Watkins
Nevada State Bar No. 11881
DW@wl-llp.com
Theresa M. Santos
Nevada State Bar No. 9448
tsantos@wl-llp.com
WATKINS & LETOFSKY, LLP
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Yessenia Iribe

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| YESSENIA IRIBE,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA CREDICO INC., D/B/A/QUANTUM COLLECTIONS, a Nevada corporation; ALLIED COLLECTION SERVICES, INC., a Nevada corporation; AND DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-00417<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff, Yessenia Iribe (herein "PLAINTIFF") and files this civil action against Defendants, and each of them, for violations of Title VII, 42 U.S.C 2000(e) et seq., The American with Disabilities Act, 42 U.S.C. §12112 et seq., as well as violations under Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law, seeking damages, and alleges as follows:

1. This Court has jurisdiction and venue over this action pursuant to Title VII, 42 U.S.C. 2000(e) et seq; the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., and 28 U.S.C. §§ 1331, 1343, 42 U.S.C. §2000e which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2. Jurisdiction of this Court is also appropriate under any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff has exhausted her administrative remedies.

5. All conditions precedent to jurisdiction under section 29 U.S.C. §621 et seq. have occurred or been complied with:

    a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of PLAINTIFF instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein;

    b. A Notice of Right to Sue in Federal Court was received from the EEOC, dated January 16, 2020. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".)

6. This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

//
//
//
//
//
//
//

# PARTIES

## PLAINTIFF

8. Plaintiff, YESSENIA IRIBE (hereinafter "Plaintiff"), was a qualified/eligible "employee" of Defendants, NEVADA CREDICO INC., d/b/a QUANTUM COLLECTIONS, and ALLIED COLLECTION SERVICES, INC., within the meaning of Nevada Revised Statutes §608.010 and 613.010 et seq. and resided in Clark County, Nevada.

## DEFENDANTS

9. Defendant, NEVADA CREDICO INC., (hereinafter "QUANTUM" or "Defendant") is a Nevada corporation, qualified to do business in Clark County.  Defendant employs 15 or more employees and as such, is an "employer" within the meaning of Nevada Revised Statutes §608.011 and 613.310.  Defendant has offices located at 3080 S. Durango Dr., Las Vegas, Nevada 89117.

10. Defendant, ALLIED COLLECTION SERVICES, INC., (hereinafter "ALLIED" or "Defendant") is a Nevada corporation, qualified to do business in Clark County.  Defendant employs 15 or more employees and as such, is an "employer" within the meaning of Nevada Revised Statutes §608.011 and 613.310.  Defendant has offices located at 3080 S. Durango Dr., Las Vegas, Nevada 89117.

11. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive. The Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation and responsibilities have been ascertained.

12. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, the defendants named in this action, as well as the fictitiously named defendants, and each of them, were agents and employees of the remaining defendants, and in doing the things hereinafter complained of, were acting within the course and scope of such agency and/or employment and with the knowledge and consent of the remaining defendants.

## STATEMENT OF FACTS

13. PLAINTIFF is a former employee of DEFENDANTS. She began working as a collection's agent for DEFENDANTS on or about August 24, 2016.

14. DEFENDANT QUANTUM'S office was located on the first floor of a multi-story office building.

15. DEFENDANT ALLIED'S office was located on the second floor of the same building.

16. DEFENDANTS QUANTUM and ALLIED are owned by the same individual – Michael L. Feeney.

17. Plaintiff regularly moved between the first and second floors to complete her job duties.

18. In approximately April 2018, supervisor Allison Smith, a white legal director, began to harass PLAINTIFF about her race/national origin. Ms. Smith regularly made comments such as, "I don't like you because you are Mexican" and "I don't trust you because you're Mexican."

19. PLAINTIFF learned that she was pregnant in June 2018. PLAINTIFF confided her pregnancy in a fellow colleague.

20. Before PLAINTIFF formally announced her pregnancy, Allison Smith began making comments to her that if she were to become pregnant, it would be "late in the game." Ms. Smith also commented that she's "had about five abortions" and told PLAINTIFF that she could terminate her pregnancy up to twenty-four weeks.

21. After PLAINTIFF announced her pregnancy, Allison Smith continued to make harassing comments to Plaintiff about her pregnancy, such as "You're going to get fat and get gestational diabetes."

22. PLAINTIFF was eventually diagnosed with gestational diabetes.

23. Because of her gestational diabetes, PLAINTIFF had to eat snacks often and take frequent breaks in order to monitor her blood sugar.

//

24. Because of her pregnancy, PLAINTIFF used the restroom more frequently than non-pregnant employees.

25. PLAINTIFF requested an accommodation to eat more frequently and to use the restroom more frequently. DEFENDANTS granted these requests, but supervisor Allison Smith regularly interrupted these breaks and required PLAINTIFF to return to work.

26. Supervisor Allison Smith regularly harassed PLAINTIFF by chastising her for taking too many breaks and calling to the other floor to ensure that PLAINTIFF was working.

27. Shortly after PLAINTIFF announced her pregnancy, DEFENDANTS changed PLAINTIFF's bonus structure, which caused her to earn less income.

28. DEFENDANTS required PLAINTIFF to provide leave requests for doctor's appointments with her OBGYN two weeks in advance.

29. PLAINTIFF complied with DEFENDANTS' two week advance notice request, but DEFENDANTS failed to accommodate PLAINTIFF's request to attend appointments with her physician.

30. Supervisor Allison Smith continued to harass PLAINTIFF throughout January 2019, with comments such as, "Is pregnancy making you dumb?" and "Are you being hormonal?"

31. PLAINTIFF reported Ms. Smith's harassing and discriminatory conduct to Defendant Quantum's co-owners Chad Tomolo and Jeff Mancini, who indicated to PLAINTIFF that they discussed the matter with Michael L. Feeney.

32. PLAINTIFF requested that she be assigned a new supervisor.

33. Neither Michael L. Feeney, nor any of the other owners, took any affirmative action to curb the harassing and discriminatory conduct by Allison Smith.

34. PLAINTIFF delivered her baby on February 3, 2019.

35. When PLAINTIFF learned that Allison Smith would still be her supervisor upon her return from maternity leave, PLAINTIFF constructively discharged her employment.

36. The despicable tactics of DEFENDANTS caused a substantial burden to PLAINTIFF'S rights and caused PLAINTIFF to suffer significant emotional distress, embarrassment, and humiliation, in addition to financial loss.

# COUNT I

## TITLE VII - DISCRIMINATION

### (RACE, COLOR, RELIGION, AND NATIONAL ORIGIN)

**Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*)**

**Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*)**

**NV Rev. Stat. § 613.330 *et seq*.**

37. PLAINTIFF hereby incorporates paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38. During the course of PLAINTIFF'S employment with DEFENDANTS, DEFENDANTS, by and through their agents and employees, discriminated against PLAINTIFF in the terms, conditions, and privileges of employment in various ways, in substantial part because of her race, color, religion, and/or national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

39. DEFENDANT'S unlawful discrimination against PLAINTIFF included treating PLAINTIFF differently based on her race, color, religion, and/or national origin related to employment, including recruitment, hiring, assignments, discipline, promotion, and benefits.

40. Specifically, the disparate treatment included frequently repeated comments by PLAINTIFF'S supervisor that she did not like PLAINTIFF because she was "Mexican" and that she did not trust PLAINTIFF because she was "Mexican."

41. PLAINTIFF'S race, color, religion, and/or national origin were either the sole reason or a motivating factor for DEFENDANTS' decision to harass PLAINTIFF.

42. As a proximate result of DEFENDANTS' discriminatory actions, PLAINTIFF has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, PLAINTIFF has suffered such damages in an amount to be proved at trial.

//

//

//

43. DEFENDANTS, through their agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of DEFENDANTS and their supervisors and Human Resources Department as described above thereby ratifying the unlawful conduct of its supervisors and Human Resources Department.

44. DEFENDANTS' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

45. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II

## SEX (GENDER) DISCRIMINATION

### 42 U.S.C. §2000(e) *et seq*.

### NV Rev. Stat. §613.330 *et seq*.

46. PLAINTIFF hereby incorporates paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47. The subjection of PLAINTIFF to disparate treatment and adverse employment actions by DEFENDANTS in whole or substantial part because of her sex (female, pregnant) was in violation of 42 U.S.C. §2000(e) et seq.

48. DEFENDANTS' violation of 42 U.S.C.§2000(e) et seq. was intentional, willful and deliberate and Plaintiff seeks liquidated damages for each violation.

49. DEFENDANTS' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S statutorily protected rights.

50. DEFENDANTS, through their agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of DEFENDANT as described above and thereby ratified the unlawful conduct of its agents or supervisors.

51. As a direct and proximate result of DEFENDANTS' discriminatory actions as alleged herein, PLAINTIFF has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits. Plaintiff is reasonably certain to continue to suffer these damages in the future.

52. As a result of DEFENDANTS' conduct, PLAINTIFF requests relief as described in the Prayer for Relief below.

### COUNT III

### INTERFERENCE AND DISCRIMINATION WITH AMERICANS WITH DISABILITIES ACT

**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**

**NV Rev. Stat. §613.330** *et seq*.

**(Against All Defendants)**

53. PLAINTIFF hereby incorporates paragraphs 1 through 52 of this Complaint as though fully set forth herein.

54. At all times material hereto, PLAINTIFF was an employee covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA) 42 USC 12111(4)).

55. At all times material hereto, PLAINTIFF was and is an individual with a disability within the meaning of §3(2) of the ADA, 42 USC 12102(2).

56. PLAINTIFF was a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111(8).

57. PLAINTIFF'S pregnancy was a physical impairment that substantially limited one or more major life activities.

58. DEFENDANTS were aware that PLAINTIFF was pregnant.

59. PLAINTIFF'S disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in DEFENDANTS' decision change her bonus structure.

60. PLAINTIFF'S disability was a factor that made a difference in DEFENDANTS' refusal to excuse her to attend appointments with her physician.

61. The actions of DEFENDANTS were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of PLAINTIFF

62. As a direct and proximate result of DEFENDANTS' violation of PLAINTIFF'S rights as alleged, PLAINTIFF'S terms, conditions, and privileges of employment were adversely affected.

63. As a direct and proximate result of DEFENDANTS' wrongful acts and omissions, PLAINTIFF has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

64. PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT IV

## DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE

### Americans with Disabilities Act (42 U.S.C. §12101 et seq.)

### NV Rev. Stat. §613.330 *et seq.*

### (Against All Defendants)

65. PLAINTIFF hereby incorporates paragraphs 1 through 64 of this Complaint as though fully set forth herein.

66. The Americans with Disabilities Act, 42 U.S.C. §12101, et. seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." (42 U.S.C. §12112).

67. PLAINTIFF had a disability within the meaning of the Americans with Disabilities Act ("ADA"). A "disability" under the ADA is a physical or mental impairment or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual. The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems: neurological, musculoskeletal, and others; or (2) any mental or phychological disorder such as emotional or mental illnesses, among others.

68. PLAINTIFF was a qualified individual, meaning an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. At all times during her employment,

PLAINTIFF satisfied the requisite skill, experience, education and other job-related requirements of the employment position and could perform the essential functions of the position, with or without reasonable accommodations.

69. PLAINTIFF was covered by the Americans with Disabilities Act, with Amendments Act (ADA-AA). Specifically, PLAINTIFF'S pregnancy necessitated that she visit her physician frequently throughout her pregnancy, take frequent restroom breaks and eat frequently in order to keep her blood sugar at appropriate levels.

70. Due to her actual disability under the ADA-AA, PLAINTIFF required a reasonable accommodation that would allow her to meet these necessities. Such reasonable accommodations were available and would not have constituted an undue hardship on the operation of DEFENDANTS' business.

71. PLAINTIFF requested a reasonable accommodation.

72. DEFENDANTS did not engage in the interactive process in good faith.

73. DEFENDANTS engaged in a practice of discriminating against PLAINTIFF as a result of PLAINTIFF'S disability. DEFENDANT'S unlawful discrimination against PLAINTIFF included refusing to allow her leave to consult with her physician during normal business hours.

74. DEFENDANT, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of DEFENDANT as described above, thereby ratifying the unlawful conduct of its agents or supervisors.

75. DEFENDANT'S actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S federally protected rights.

76. PLAINTIFF requests relief as described in the Prayer for Relief below.

//
//
//
//

# COUNT V

# HOSTILE WORK ENVIRONMENT

### Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*)

### Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*)

### NV Rev. Stat. §613.330 *et seq.*

### (Against All Defendants)

77. PLAINTIFF hereby incorporates paragraphs 1 through 76 of this Complaint as though fully set forth herein.

78. PLAINTIFF was subjected to verbal comments regarding her pregnant condition during her employment with DEFENDANTS which was perpetrated upon her by DEFENDANTS, and that this conduct was based upon and directed at PLAINTIFF by reason of her sex (female, pregnant).

79. The conduct was unwelcome.

80. The conduct was sufficiently severe or pervasive to alter the conditions of PLAINTIFF'S employment and create an abusive and/or hostile work environment;

81. This harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with PLAINTIFF'S physical health, work performance and so as to create an intimidating, hostile and offensive working environment.

82. Plaintiff perceived the working environment to be abusive or hostile.

83. During the times referenced herein, PLAINTIFF was subject to a number of inappropriate comments made by her supervisor, Allison Smith. These comments included, but were not limited to, remarks that PLAINTIFF was too old to have a baby, that it wasn't too late for PLAINTIFF to have an abortion, that PLAINTIFF was going to get fat and get gestational diabetes, and that pregnancy was making PLAINTIFF dumb.

84. As a direct and proximate result of the harassing and hostile environment of DEFENDANTS and her supervisors, PLAINTFF suffered great embarrassment, humiliation and mental and physical anguish.

//

85. DEFENDANTS' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S federally protected rights.

86. DEFENDANTS through their agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of DEFENDANTS described above thereby ratifying the unlawful conduct of its agents or supervisors.

87. As a direct and proximate result of DEFENDANTS' wrongful conduct, PLAINTIFF has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

88. In doing the things alleged herein, DEFENDANTS' conduct was despicable, and DEFENDANTS acted toward PLAINTIFF with malice, oppression, fraud, and with willful and conscious disregard of PLAINTIFF'S rights, entitling PLAINTIFF to an award of punitive damages.

89. DEFENDANTS' conduct described herein was engaged in by managing agents for DEFENDANT and/or ratified by managing agents.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Yessenia Iribe, prays that this Court grant the following relief:

1. Grant general and special damages in amounts according to proof.
2. Grant liquidated damages in amounts according to proof.
3. Grant punitive damages.
4. Grant reasonable attorneys' fees.
5. Grant costs of suit incurred herein; and
6. Grant such other and further relief as the court deems just and proper.

DATED this 28th day of February, 2020.     WATKINS & LETOFSKY, LLP

By:  /s/ Daniel R. Watkins
_____
Daniel R. Watkins
Theresa M. Santos
Attorneys for Plaintiff, Yessenia Iribe

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, Plaintiff demands a trial by jury in this action on all issues so triable.

DATED this 28th day of February, 2020.   WATKINS & LETOFSKY, LLP

*/s/ Daniel R. Watkins*

By: _____
Daniel R. Watkins
Theresa M. Santos
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Attorneys for Plaintiff, Yessenia Iribe

# **EXHIBIT 1**

Notice of Right to Sue

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Yessenia Iribe  
    [redacted]

From: Los Angeles District Office  
255 E. Temple St. 4th Floor  
Los Angeles, CA 90012

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2019-01259 | Karrie L. Maeda, State & Local Coordinator | (213) 894-1100 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**Rosa M. Viramontes,**  
**District Director**

January 16, 2020  
(Date Mailed)

Enclosures(s)

cc: Michael Feeney  
President  
ALLIED COLLECTION SERVICES, INC. DBA QUANTUM COLLECTIONS  
3080 S. Durango Dr., Ste. 208  
Las Vegas, NV 89117